| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 4:17-CR-78
§ SEALED
JASON GRIFFIN BROWN (2) §

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Jason Griffin Brown's ("Brown") Motion for Sentence Nunc Pro Tunc to Correct or Further Clarify Sentence (#315), wherein Brown requests that the court hold a hearing to determine whether Brown should receive a sentence reduction for "cooperation per Rule 35." The Government filed a response in opposition (#320). Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.   Background

On July 12, 2017, a grand jury in the Eastern District of Texas, Sherman Division, returned a three-count First Superseding Indictment against Brown and seven co-defendants. Brown and the seven co-defendants were charged in Count One with conspiracy to possess with intent to manufacture and distribute at least 5 grams but less than 50 grams of methamphetamine (actual), in violation of 21 U.S.C. § 846. Brown and one co-defendant were also charged in Count Three with conspiracy to possess with intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846. Subsequently, on November 28, 2017, Brown pleaded guilty to Count Three of the First Superseding Indictment pursuant to a binding plea agreement. The remaining counts were dismissed on the Government's

motion.  On May 4, 2018, in accordance with the plea agreement, the court sentenced Brown to 210 months' imprisonment, to be followed by a five-year term of supervised release.

Brown's offense of conviction entails his supplying coconspirators with multi-gram quantities of methamphetamine from various sources for distribution to others in the Eastern and Northern Districts of Texas.  On April 11, 2016, a search warrant was executed at a hotel room in Gainesville, Texas, which was being used to distribute methamphetamine.  The room was occupied by Brown and his wife, Stormie Dawn McPeak ("McPeak").  A search of the hotel room revealed 19.96 net grams of methamphetamine, numerous used syringes, and other drug paraphernalia.  A laboratory report from the Texas Department of Public Safety verified the amount.  Brown admitted that he knowingly and intentionally possessed with the intent to manufacture and distribute at least 15 kilograms but less than 45 kilograms of a mixture or substance containing a detectable amount of methamphetamine or at least 1.5 kilograms but less than 4.5 kilograms of methamphetamine (actual).

II.  Analysis

Section 5K1.1 of the United States Sentencing Guidelines provides that, "[u]pon motion of the [G]overnment stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, a court may depart from the guidelines."  U.S.S.G. § 5K1.1.  Similarly, Rule 35(b) of the Federal Rules of Criminal Procedure contemplates that a sentence may be reduced upon the Government's motion, either within a year after sentencing, or more than one year after sentencing, conditioned on certain factors.  FED. R. CRIM. P. 35(b)(1) & (2).  Substantial assistance motions are filed only at the Government's discretion.  *United States v. Sealed Appellee*, 887 F.3d 707, 710 (5th Cir. 2018),

*cert. denied*, 139 S. Ct. 1166 (2019); *United States v. McMahan,* 872 F.3d 717, 718 (5th Cir. 2017); *United States v. White*, 67 F. App'x 253, 253 (5th Cir. 2003); *see Sealed Appellee v. Sealed Appellant*, 815 F. App'x 763, 764 (5th Cir. 2020) ("*Sealed Appellee II*").  Whether a defendant provided substantial assistance warranting a motion to reduce his sentence is for the Government to determine, not the defendant.  *See* FED. R. CRIM. P. 35(b).  Indeed, "[b]y the plain language of . . . Rule 35(b), resentencing is permitted only on the Government's motion, and only if the defendant rendered substantial assistance after sentencing." *United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994); *accord United States v. Gentry*, No. 22-30138, 2022 WL 5149544, at *1 (5th Cir. 2022) (quoting *Early*, 27 F.3d at 141); *United States v. Robles Parra*, 752 F. App'x 196, 197 (5th Cir. 2019) ("[O]nly the Government can file a motion for reduction of a defendant's sentence pursuant to . . . Federal Rule of Criminal Procedure 35(b)."); *United States v. Brooks*, 419 F. App'x 476, 476 (5th Cir.), *cert. denied*, 565 U.S. 852 (2011).

Generally, the Government has no obligation to file a substantial assistance motion, "despite whatever substantial assistance the defendant might give." *United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007); *Davila v. Cox*, No. 2:22-CV-00142, 2022 WL 4001976, at *1 (S.D. Tex. Aug. 8, 2022) (quoting *Grant*, 493 F.3d at 467), *adopted by* 2022 WL 4003374 (S.D. Tex. Sept. 1, 2022); *United States v. Quinones*, No. CR 15-200, 2020 WL 433361, at *1 (E.D. La. Jan. 28, 2020).  This is because "[t]he Government has 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *United States v. Favors*, 289 F. App'x 800 (5th Cir. 2008) (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)); *accord United States v. Tokars*, 800 F. App'x 801, 803 (11th Cir. 2020).

Here, the Government has advised the court that it does not intend to file such a motion. Therefore, the court is without authority to grant Brown's motion to reduce his sentence. *See United States v. Allen*, 774 F. App'x 244, 244 (5th Cir. 2019) ("[T]o the extent that [Defendant's] motion sought resentencing pursuant to Rule 35(b), the motion 'was unauthorized and without a jurisdictional basis.'"); *accord Robles Parra*, 752 F. App'x at 197; *United States v. Ibarra-Alcarez*, 672 F. App'x 473, 474 (5th Cir. 2017); *United States v. Morgan*, 439 F. App'x 348, 349 (5th Cir. 2011) (stating that the defendant's motion to compel the Government to file a Rule 35(b) motion was "an unauthorized motion which the district court was without jurisdiction to entertain"); *United States v. Herminio Garcia*, No. 5:13-CR-01404, 2019 WL 4394678, at *1 (S.D. Tex. Mar. 18, 2019) (quoting *Ibarra-Alcarez*, 672 F. App'x at 474), *adopted by* 2019 WL 94394594 (S.D. Tex. July 25, 2019); *United States v. Butler*, No. 06-236, 2014 WL 4354437, *2 (E.D. La. Sept. 2, 2014) ("[W]hile the Defendant may have rendered substantial assistance warranting a reduction in his sentence, the Court is unable to grant the Defendant's request.").

The Government's refusal to file a substantial assistance motion is not reviewable unless (1) the Government has obligated itself to bring such a motion under the terms of its plea agreement with the defendant, or (2) the Government's refusal to file such a motion is based on an unconstitutional motive, such as race or religion. *Wade*, 504 U.S. at 185-86 ("[D]istrict courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive."); *Grant*, 493 F.3d at 467 (quoting *Wade*, 504 U.S. at 185-86); *United States v. Price*, 95 F.3d 364, 367-68 (5th Cir. 1996) ("[T]he government may bargain away its discretion under the terms of a plea agreement, and thereby obligate itself to move for a downward departure in exchange for the defendant's

4

substantial assistance."); *accord Sealed Appellee II*, 815 F. App'x at 764; *United States v. Pineda-Barrientos*, 577 F. App'x 353, 354 (5th Cir.) ("When the Government retains discretion to file a motion for a downward departure, its refusal to do so is reviewable only for unconstitutional motives."), *cert. denied*, 574 U.S. 1066 (2014); *United States v. Brown*, 547 F. App'x 637, 644 (5th Cir. 2013) (refusing to enforce a post-plea agreement oral promise to file a Rule 35 motion absent evidence of unconstitutional motive).

In the case at bar, there was no enforceable obligation in Brown's plea agreement for the Government to file a Rule 35(b) motion. In fact, Brown's Plea Agreement Addendum provides:

> SUBSTANTIAL ASSISTANCE: If, in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others and has otherwise complied with the terms of this agreement, the government may file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 or a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). The defendant's cooperation does not automatically require the government to request a downward departure or a reduction in sentence, and the time for filing such motion will be determined by the government. It is entirely within the Court's discretion as to what, if any, reduction in sentence the defendant will receive.

The Addendum's plain language clearly indicates that the Government has not bargained away its discretion. Moreover, the Government's proffered explanation for its failure to file a Rule 35(b) motion—that Brown's assistance did not provide information that was useful or helpful to Homeland Security Investigations in that it did not lead to the arrest of others, seizures, or locating fugitives—is not unconstitutionally motivated. Nothing in Brown's motion or the record suggests that the Government's explanation is pretextual. In addition, the Government asserts that it "has never stated that it intended to file a Rule 35 Motion." Therefore, at this time, the court lacks the authority to compel the Government to file a motion to reduce Brown's sentence for substantial assistance.

5

Moreover, while "[t]he government is under no obligation to file a Rule 35(b) motion, . . . if it does, 'the sentencing court is not bound by the government's recommendation on whether or how much to depart but must exercise its independent discretion.'" *McMahan*, 872 F.3d at 718 (quoting *Grant*, 493 F.3d at 467); *accord United States v. Doe*, 932 F.3d 279, 283 (5th Cir. 2019) ("[T]he district court exercised its discretion to deny the [Rule 35(b)] motion. Nothing in Rule 35(b) requires the district court to do anything more or less."); *see United States v. Katsman*, 905 F.3d 672, 674 (2d Cir. 2018) (holding that the district court is responsible for determining what, if any, reduction in sentence is warranted); *United States v. Tadio*, 663 F.3d 1042, 1045 (9th Cir. 2011) (holding that the district court has discretion in choosing the amount of the sentence reduction awarded), *cert. denied*, 566 U.S. 1029 (2012); *United States v. Grant*, 636 F.3d 803, 816 (6th Cir.) ("The granting of the motion is discretionary, as is the extent of any reduction given."), *cert. denied*, 565 U.S. 931 (2011). Even when the Government files a substantial assistance motion, "the district court possesses extremely broad discretion to grant or deny [it]." *Murphy v. United States*, 634 F.3d 1303, 1313 (11th Cir. 2011). Further, without a "substantial threshold showing" of prosecutorial discrimination or irrational conduct, a defendant is not entitled to a hearing. *Wade*, 504 U.S. 181, 186; *United States v. Brown*, 547 F. App'x 637, 645 (5th Cir. 2013); *United States v. DeFeo*, 327 F. App'x 257, 258 (2d Cir.), *cert. denied*, 558 U.S 1016 (2009); *see United States v. Taylor*, 20 F.3d 466, No. 93-3608, 1994 WL 121956, at *1 (5th Cir. Mar. 23, 1994) (holding that defendant "had no constitutional right to appear to allocute at the Rule 35(b) proceeding because the court did not resentence him, but modified his sentence to be less onerous").

In the case at bar, there was no enforceable obligation in Brown's plea agreement for the Government to file a Rule 35(b) motion. Furthermore, Brown has not demonstrated that the Government's failure to file such a motion was based on an unconstitutional motive. In short, Brown's mere assertion that "there seems to be a difference of opinion between Mr. Brown's original attorney . . . and the AUSA . . . on whether Mr. Brown should have received an additional reduction for cooperation per Rule 35" does not entitle him to the relief that he requests. *See Sealed Appellee II*, 815 F. App'x at 764; *United States v. Mayes*, 323 F. App'x 364, 365 (5th Cir. 2009). Accordingly, Brown's motion is DENIED.

III.   Conclusion

In accordance with the foregoing analysis, Brown's Motion for Sentence Nunc Pro Tunc to Correct or Further Clarify Sentence (#315) is DENIED.

SIGNED at Beaumont, Texas, this 5th day of July, 2023.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE